UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE GRAY INSURANCE COMPANY,

    Plaintiff,

v.                                           Case No. 8:24-cv-01507-KKM-AEP

LITTLE ROAD EXPRESS WASH, INC.,
d/b/a, PAUL JALLO LITTLE ROAD
EXPRESS WASH INC., et al.

    Defendants.
_____

## ORDER

The Gray Insurance Company filed an action against Little Road Express Wash, Inc., and other parties, seeking declaratory judgments, damages from Little Road, and unjust enrichment and quantum meruit against Little Road. Am. Compl. (Doc. 74). A dispute arose over a surety bond between Gray and Little Road. Gray disclaims any liability for the bond and contends that, even if it is liable, Little Road owes payments to certain claimant-defendants, and not Gray. West Central Drywall, Inc., a claimant, filed unjust enrichment and quantum meruit crossclaims against Little Road, and Little Road seeks to dismiss them for lack of supplemental jurisdiction. Restated Crossclaim, Mot. To Dismiss (MTD) (Docs. 80, 81). Because the crossclaims are sufficiently related to the original dispute, Little Road's motion to dismiss is denied.

I. **BACKGROUND**

In April 2022, Construction Management Services (CMS), a Florida

construction company, contacted Gray, a Louisiana insurance company, about issuing a payment and performance bond (collectively the Bond).[1] Am. Compl. ¶ 11. A payment bond ensures that construction costs are paid in full, and a performance bond is a guarantee that a contractor will complete a project according to contractual terms. The Bond would be for a construction project to build a car wash (the Project), owned by Little Road. *Id*. On April 7, 2022, CMS provided Gray with a contract (April Contract) requiring Little Road to pay CMS in the amount of $2,276,729 for construction of the Project. *Id*. ¶ 13. Little Road's construction lender also provided Gray with a letter confirming that financing was in place for the referenced project. *Id*. ¶ 14.

Gray subsequently issued the Bond on May 5, 2022, in the total amount of the April Contract between CMS and Little Road. *Id*. ¶ 16. The Bond stated that it "incorporated [the April Contract] by reference." (Doc. 74-3) at 2, 5. The Bond had several requirements before Gray's obligation would arise, including that "the Obligee has performed its obligations under the Contract." Am. Compl. ¶ 17. Gray later found out that CMS and Little Road never executed the April Contract, and instead entered into another contract related to the Project on October 18, 2022 (October Contract). *Id*. ¶¶ 19–20. The October Contract differed from the April Contract in several respects, including a $500,000 liquidated damages provision, and it obligated Little Road to only $1,645,501. *Id*. ¶¶ 20, 21. Gray was not asked by Little Road or CMS to consent to the changes made in the October Contract, and the October Contract had another surety listed. *Id*. ¶¶ 22, 23.

---

[1] The Court considers the allegations in the plaintiff's complaint as true at the motion to dismiss stage. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

On January 16, 2024, Little Road sent a letter to Gray informing it that CMS was in default of the October Contract and made demand on the bond. *Id*. ¶ 24. In a letter dated January 24, 2024, CMS outlined how Little Road had breached contractual obligations for various reasons, and that CMS had not paid subcontractors because it had not been paid by Little Road. *Id*. ¶ 25. Gray attempted to assist with a resolution of disputes between CMS and Little Road (under a full reservation of its rights and defenses). *Id*. ¶ 26. CMS and Little Road executed an Irrevocable Direction of Draw Proceeds, which provided that all contract funds for the Project would be deposited into a Joint Disbursement Account, and the funds would be used for payments to CMS and valid claims of subcontractors and suppliers. *Id*. Any resolution of disputes failed after Little Road told CMS that it had not deposited a draw for CMS into the Joint Disbursement Account. *Id*. ¶ 27.

Gray denied Little Road and CMS's claims after discovering that the October Contract, instead of the April Contract, had been executed. *Id*. ¶ 28. Gray also discovered that Little Road had been failing to make payments and approve valid change orders, as well as "interfer[ing] with CMS's performance of the work by circumventing CMS," among other things. *Id*. ¶ 29. Because of the nonpayment, subcontractors filed liens on the Project. *Id*. ¶ 30. The subcontractors included Air Xpress, Inc. (d/b/a Benjamin Brothers); Consolidated Electrical Distributors, Inc.; Nova Land Creations, LLC; Sunstate Equipment Co., LLC; and West Central (Lien Claimants). *Id*. Gray itself received claims from some of the Lien Claimants under the Payment Bond. *Id*. ¶ 31. The Lien Claimants, as subcontractors, "provided labor and materials to CMS for its work under the October Contract." *Id*. ¶ 32.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 13(g), "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim." Under 28 U.S.C. § 1367(a), "the district court 'shall have' supplemental jurisdiction over both additional claims and additional parties when those claims 'are so related to claims in the action within [the] original jurisdiction [of the court] that they form part of the same case or controversy under Article III of the United States Constitution.' " *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1563 (11th Cir. 1994) (alterations in the original) (emphasis omitted) (quoting 28 U.S.C. § 1367(a)). But "[t]he mere filing of a claim denominated as a cross-claim does not settle the issue whether the claim is actually ancillary." *Allstate Ins. Co. v. James*, 779 F.2d 1536, 1539 (11th Cir. 1986).

For a crossclaim to be part of the same case or controversy, it must "derive from a common nucleus of operative fact." *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (per curiam) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). This analysis involves an examination of "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996).

## III. ANALYSIS

West Central's crossclaim sufficiently "derive[s] from a common nucleus of operative fact" and supplemental jurisdiction is thus appropriate. *Upper Chattahoochee Riverkeeper Fund*, 701 F.3d at 679 (quoting *United Mine Workers*, 383

4

U.S. at 725). Little Road contends that the crossclaims are lacking in factual similarity and logical dependence such that supplemental jurisdiction cannot be exercised. MTD at 5–6. Regarding factual similarity, Little Road argues that West Central's claims require "facts that are irrelevant to the Complaint"—namely, whether West Central "actually performed the labor, services, and material reflected in the alleged invoice." *Id*. at 5. But these facts are relevant to Gray's claims too, because Gray's claims "will involve the same witnesses [and] presentation of the same evidence." *Palmer*, 22 F.3d at 1563. In the complaint, Gray alleged that "[t]he Lien Claimants . . . provided labor and materials to CMS for its work." Am. Compl. ¶ 32; *see also id.* ¶¶ 51–57. This evidence by Gray will be directly relevant to the crossclaim, in which West Central will also need to show that it provided the services and materials for its claims. Therefore, they are not lacking in factual similarity.

Further, to the extent that the claims need to be "logically dependent," Little Road characterizes Gray's complaint as only "challeng[ing] the *validity*" of the Bond. MTD at 3. But Gray's unjust enrichment and quantum meruit claims also challenge the extent of Little Road's liability to the Lien Claimants in the event that Gray is found liable for the Bond. Am. Compl. ¶¶ 50–63. Indeed, Gray's claims are almost identical to West Central's claims, and therefore resolution of one will naturally help resolve the other. Restated Crossclaim ¶¶ 7–32. Thus, the claims "derive from a common nucleus of operative fact," *Upper Chattahoochee Riverkeeper Fund*, 701 F.3d at 679 (quoting *United Mine Workers*, 383 U.S. at 725), and I may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a).

## IV. CONCLUSION

Accordingly, Little Road's Motion to Dismiss for Lack of Jurisdiction (Doc. 81) is **DENIED**.

**ORDERED** in Tampa, Florida, on November 5, 2024.

Kathryn Kimball Mizelle
United States District Judge