UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE GRAY INSURANCE COMPANY,

Plaintiff,

v.                                          Case No. 8:24-cv-01507-KKM-AEP

LITTLE ROAD EXPRESS WASH, INC.,
d/b/a, PAUL JALLO LITTLE ROAD
EXPRESS WASH INC., et al.,

Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court upon Plaintiff the Gray Insurance Company's Renewed Motion for Entry of Final Judgment After Default Against Defendant Alvarez Plumbing Company, DBA Alvarez Plumbing and Air Conditioning ("Alvarez") (Doc. 125). Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff seeks entry of default judgment against Defendant Alvarez based upon its failure to respond to the Amended Complaint (Doc. 74). For the reasons set forth below, it is recommended that Plaintiff's Motion (Doc. 125) be GRANTED.

### I.   Background

Plaintiff sued Little Road Express Wash, Inc., and other parties, seeking declaratory judgments, damages from Little Road, and unjust enrichment and quantum meruit against Little Road (Doc. 74). A dispute arose over a surety bond

between Plaintiff and Little Road (Doc. 74, ¶¶ 24–27). Plaintiff disclaims any liability for the bond (Doc. 74, ¶ 28). Alvarez is a subcontractor who performed work on a construction project that Plaintiff alleges was not covered by the bond (Doc. 74, ¶ 32). Alvarez was one of several entities that submitted a claim for payment under the bond (Doc. 74, ¶¶ 30–31). In Count II of the Amended Complaint, Plaintiff seeks a declaration against the lien claimants and Alvarez that the bond is void, that it did not bond the project, and that it is not obligated to pay for labor and materials provided by the lien claimants and Alvarez (Doc. 74, at 14).

Plaintiff served the Amended Complaint on Alvarez on September 16, 2024 (Doc. 78). After Alvarez failed to answer or otherwise respond, Plaintiff moved for the Clerk's Entry of Default (Doc. 87). The Clerk subsequently entered default against Alvarez on October 18, 2024 (Doc. 91). On October 28, 2024, Plaintiff filed its first motion for default judgment (Doc. 96), which the Court denied without prejudice while other similarly situated co-defendants were still litigating the case (Docs. 107, 113). Since the Court's order denying default judgment, all other defendants have been dismissed from the action, leaving Alvarez as the sole defendant (Doc. 125, at 2).

## II. Legal Standard

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties and that the well-pled factual allegations in the complaint, which are assumed to be true, adequately state a

2

claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[1] Because the defendant is deemed to admit the plaintiff's well-pleaded allegations of fact following entry of a default under Rule 55(a), the court must ensure that the well-pleaded allegations in the complaint actually state a substantive cause of action and that a substantive, sufficient basis exists in the pleadings for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citation omitted).[2] If the allegations in the complaint, accepted as true, establish the defaulted defendant's liability, the court should enter judgment against them. *See generally Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1288–89 (S.D. Fla. 2016).

Courts assess pleadings in conjunction with a default judgment by a standard "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245 (citation omitted). That is, a court may enter a default judgment only where a pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).
[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

U.S. at 678 (citing *Twombly*, 550 U.S. at 556). At all times, the decision to enter a default judgment remains within the court's discretion. *Hamm v. Dekalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985).

### III. Discussion

#### A. Subject Matter Jurisdiction and Personal Jurisdiction

As a preliminary matter, the Court retains subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interests and costs (Doc. 74, ¶ 9). Plaintiff also asserts jurisdiction under 28 U.S.C. § 2201, which allows a court of the United States to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

Additionally, the Court must ensure it has personal jurisdiction over the defaulting defendant. *Proescher v. Sec. Collection Agency*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3432737, at *6 (M.D. Fla. June 8, 2018), *report and recommendation adopted*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3428157 (M.D. Fla. July 16, 2018). Here, the Court has personal jurisdiction over Defendant Alvarez because Alvarez is a Florida corporation that maintains its principal place of business in Tampa, Florida. *See Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) ("A corporation's place of incorporation and its principal place of business are 'paradigm all-purpose forums.'").

### B. Proper Service of Process

In seeking a default judgment, the plaintiff bears the burden of establishing proper service of the complaint. *See Rajotte v. Fabco Metal Prod., LLC*, No. 6:12-cv-372-ORL-28, 2012 WL 6765731, at *2 (M.D. Fla. Dec. 13, 2012), *report and recommendation adopted*, No. 6:12-cv-372-ORL-28, 2013 WL 57722 (M.D. Fla. Jan. 4, 2013) (denying motion for default judgment without prejudice due to improper service). Even if a defaulting defendant has actual notice of the action, "[i]nsufficient or improper service cannot support the entry of a default judgment." *Opella v. Rullan*, No. 10-civ-21134, 2011 WL 2600707, at *4 (S.D. Fla. June 29, 2011), *report and recommendation adopted*, No. 10-civ-21134, 2011 WL 13220496 (S.D. Fla. Aug. 9, 2011) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)); *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of such service (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). Service on a corporation, partnership, or association may be completed "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(e)(2)(A). Rule 4(e)(1) allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In Florida, service on a domestic corporation is governed by Section 48.081, Florida Statutes. A domestic corporation may be served by service on its registered agent. Fla. Stat. § 48.081(2). Here, Plaintiff served process on Defendant Alvarez's registered agent,

5

Marcus Reyes, on September 16, 2024 (Doc. 78). Thus, service of process on Defendant was proper.

### C. Declaratory Judgment

Plaintiff seeks a default judgment against Alvarez under Count II of the Amended Complaint. Count II seeks a declaratory judgment stating the following:

a. The Bond (including the Payment Bond) is void because the April Contract that is the subject of the Bond was never executed.
b. Gray did not bond the October Contract and is not obligated to pay for labor and materials provided by the Lien Claimants and Alvarez to CMS or a subcontractor of CMS in connection with CMS's work under the October Contract.

(Doc. 125, at 8). The Declaratory Judgment Act provides that "in cases of actual controversy" a court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought" 28 U.S.C. § 2201. A party seeking a declaratory judgment must show "(1) that they personally have suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that it is likely to be redressed by a favorable decision." *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1997) (quoting *U.S. Fire Ins. v. Caulkins Indiantown Citrus*, 931 F.2d 744, 747 (11th Cir. 1991)).

Here, the allegations in the Amended Complaint provide a basis for Plaintiff's entitlement to a declaratory judgment. Plaintiff was threatened with a financial loss when it received claims under the Payment Bond from Alvarez for labor and materials Alvarez provided to CMS for its work under the October Contract (Doc. 74, ¶ 31–32).

6

A declaratory judgment establishing that Plaintiff did not bond the October Contract and is not obligated to pay for labor and materials provided by Defendant Alvarez would eliminate the threat of loss.

Further, by way of default, Alvarez admits to all the well-pleaded allegations in the Amended Complaint. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006)) ("a default is an admission of all well-pleaded allegations against the defaulting party"). The Amended Complaint alleges that the Bond is void because the April Contract was never executed (Doc. 74, ¶ 42). Further, Plaintiff alleges that it did not bond the October Contract (Doc. 74, ¶ 42). Defendant Alvarez, therefore, admits that the Bond is void and that Plaintiff is not obligated to pay its claims for labor and materials under the October Contract.

## IV.  Conclusion

For the foregoing reasons, it is hereby

RECOMMENDED:

1.   Plaintiff's Renewed Motion for Entry of Final Judgment After Default (Doc. 125) be GRANTED.

2.   The Clerk be directed to enter a default judgment against Defendant Alvarez, declaring:

   a. The Bond (including the Payment Bond) is void because the April Contract that is the subject of the Bond was never executed.
   b. Gray did not bond the October Contract and is not obligated to pay for labor and materials provided by the Lien Claimants and Alvarez

to CMS or a subcontractor of CMS in connection with CMS's work under the October Contract.

IT IS SO REPORTED in Tampa, Florida, on this 13th day of February 2025.

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**


cc:    Hon. Kathryn Kimball Mizelle
        Counsel of Record